ROBERT O. DEMING, *as a Stockholder, etc.,* v. THE
BEATTY OIL COMPANY *et al.*

No. 14,436.    (84 Pac. 385.)

### SYLLABUS BY THE COURT.

1. PARTIES—*Corporations—Misappropriation of Funds—Suit by Stockholder.* The general rule is that where one or more stockholders bring suit against the directors of the corporation to recover, for the benefit of all the stockholders of the corporation, certain funds alleged to have been fraudulently misappropriated by the directors, the corporation is a necessary party defendant in the suit and must be brought into court by proper service of a summons or otherwise.

2. ——— *Allegation Insufficient to Constitute an Exception.* If there be exceptions to the above rule, the mere allegation that the corporation was organized under the laws of another state and that service cannot be had upon it in the state where the suit is brought, and that the corporation refuses to appear in the suit, is not sufficient to constitute such an exception, even in an equitable proceeding.

3. ——— *Appointment of a Trustee.* Nor does a prayer in the petition "that this court shall appoint one of its officers, or some other appropriate person, as trustee for said company to receive and hold whatever money may be found to be due said company," obviate the necessity of bringing the corporation into court.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed January 6, 1906. Affirmed.

*Nelson Case,* for plaintiff in error.

*C. E. Benton,* and *W. P. Dillard,* for defendants in error; *Baxter McClain,* of counsel.

The opinion of the court was delivered by

SMITH, J.: This suit was brought by plaintiff in error in the district court of Bourbon county. In a very lengthy petition, embracing over twenty causes of action, it was alleged in substance that the Beatty Oil Company was incorporated under the laws of Texas,

with its principal office and place of business at Beaumont, Tex., giving the amount of its capital stock, etc.; that its directors had done many specified wrongful acts in fraud of the rights of the stockholders, and particularly had misappropriated, in part to their own use, a large amount of the funds of the company; that plaintiff was a stockholder in the company, and had made charges and specifications of such wrongful acts and had caused the same to be served upon a number of persons, including the two served with summons in this suit, who, it was alleged, were directors of the company; that after such notice the board of directors, instead of attempting to recover the funds alleged to have been misappropriated, attempted to justify the wrongful acts.

The prayer for relief was, in substance, that the defendants, other than the Beatty Oil Company, be adjudged to be indebted to the Beatty Oil Company in the sum of $161,300, and that, if the company fail to appear, the court "shall appoint one of its officers, or some other appropriate person, as trustee for said company to receive and hold whatever money may be found to be due said company," etc.

It was conceded in court that neither the company nor any officer or director thereof had been served with summons, but it was shown that two defendants, residents of Bourbon county, Kansas, who were alleged to have been directors of the company at the time of the alleged misappropriations, had been served with summons, and these defendants and two others, who were alleged to have participated in the wrongful transactions, appeared and filed separate demurrers to the petition on several grounds, among which was "that it appears upon the face of said second amended petition and the amendment thereto that there is a defect of parties defendant therein."

The demurrers were argued and submitted without any request for time to bring in the corporation. Indeed, it seems to have been conceded, tacitly or ex-

pressly, that the corporation could not be served with summons, and would not voluntarily appear. The prayer in the last petition for the appointment of a trustee, and all the subsequent proceedings, lead to this conclusion. The demurrers were sustained, and the plaintiff brings the case here for a review of that ruling.

In the brief of plaintiff it is claimed that the company is insolvent; that if the suit had been instituted in Texas there were no directors who were solvent that could have been summoned; and that the defendants in Kansas were the only solvent persons who were responsible for the alleged wrongs. But none of these facts were alleged in the petition. There were no averments in the petition which, taken as true, would indicate that the plaintiff could not be accorded full redress in the courts of Texas, not to mention the proper circuit court of the United States.

So far as a corporation may be said to have a domicil or a residence, the same is located for the defendant corporation, by the allegations of the petition, in the state of Texas, and it has the same right to a hearing in the proper forum of that state as an individual in a like case would have.

The general rule that in suits of this kind the corporation is a necessary party is admitted, and we are not cited to any case where a court of equity permitted an exception; but it is urged that a court of equity may make a new rule, or even invent a new remedy, whenever necessary to the administration of justice, and that, under the circumstances, the court below should have admitted the exception in this case. If this contention be admitted so far as the power of the court is concerned, we cannot, as before indicated, see that the necessity existed. It is plain to be seen that, should the exception be admitted on the showing in this case, the occasions for invoking it would soon become so frequent as almost to substitute the exception for the general rule.

Nor does the suggestion that a trustee be appointed for the defendant corporation help the situation. The corporation has a right to be heard which the court cannot take from it. The ruling of the court sustaining the demurrers is sustained and the case is remanded.

All the Justices concurring.